IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA,

v.

Criminal No. 3:23cr137 (DJN)

JOHN GIBSON,
      Defendant.

## ORDER
### (Temporarily Sealing Sentencing Exhibits)

This matter comes before the Court on Defendant John Gibson's ("Defendant") Consent Motion to File Under Seal Exhibits 2–5 and 7 to Defendant's Position on Sentencing and Motion for a Downward Departure and Variance. (ECF No. 24.) As the Fourth Circuit has noted in the context of sealing evidence from the public, "[t]he common law provides a presumptive right to inspect and copy all judicial records and documents . . . while the First Amendment provides a guarantee of access . . . only to particular judicial records and documents." *United States v. Moussaoui*, 65 Fed. App'x 881, 885 (4th Cir. 2003). These same interests apply to Defendant's sentencing exhibits.

That said, those interests "must yield to the supervisory power of the court to control its own records if 'the public's right of access is outweighed by competing interests.'" *Id.* at 886 (citing *In re Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). When access to records like those here are guaranteed by the First Amendment, those records may be sealed only when done in furtherance of a compelling Government interest, and any requests to seal documents must be "narrowly tailored to serve that interest." *Globe Newspaper Co. v. Superior Ct.*, 457 U.S. 596, 606–07 (1982). More specifically, before sealing a judicial record, the Court must:

"(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcroft v. Conoco*, 218 F.3d 288, 302 (4th Cir. 2000).

Because the Government does not oppose Defendant's request to seal the sentencing exhibits, and the Court finds that there exist no less drastic alternatives to sealing the documents at issue considering the sensitive nature of the confidential and protected information contained therein, all that remains is to provide interested parties with an opportunity to file objections. Accordingly, any interested party may file their objection to the sealing of Exhibits 2–5 and 7 to Defendant's Position on Sentencing and Motion for a Downward Departure and Variance by September 18, 2024, as this Order constitutes notice to the public of the Court's temporary sealing of the referenced documents. Until the Court issues a final order, the Court DIRECTS the Clerk of Court to temporarily file under seal Exhibits 2–5 and 7 to Defendant's Position on Sentencing and Motion for a Downward Departure and Variance.

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED.

_____/s/_____
David J. Novak
United States District Judge

Richmond, Virginia
Dated: September 6, 2024