IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA,

    v.                                             Criminal No. 3:23cr137 (DJN)

JOHN GIBSON,
        Defendant.

**ORDER**
**(Sealing Sentencing Exhibits)**

       This matter comes before the Court on Defendant John Gibson's ("Defendant") Consent Motion to File Under Seal Exhibits 2–5 and 7 to Defendant's Position on Sentencing and Motion for a Downward Departure and Variance. (ECF No. 24.) The Court temporarily sealed the specified documents pending resolution of any objections to sealing. (ECF No. 26.) For the foregoing reasons, the Court hereby GRANTS Defendant's Motion (ECF No. 24).

       "[B]efore a district court may seal any court documents, . . . it must (1) provide notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000); *see also* Local Criminal Rule 49 (setting forth requirements for motions to seal).

       The government does not oppose the Motion. Defendant has given notice of the sealing request by filing a motion on the public docket, and no member of the public has objected to the

filing of the materials under seal.[1] The Court still finds that there exists no less drastic alternative to sealing Defendant's specified sentencing exhibits due to the sensitive and confidential nature of the information contained therein. Indeed, "[f]or documents focused entirely on highly sensitive, protected information," like the documents at issue here, "an alternative procedure like redaction would gut the documents substantially and render them useless to the public." *Ghaisar v. United States*, 2020 WL 6948183, *1 (E.D. Va. Oct. 27, 2020).

Accordingly, the Court finds that Defendant has met the applicable standard to seal the specified sentencing exhibits and hereby GRANTS Defendant's Motion (ECF No. 24). The Court DIRECTS the Clerk's office to permanently seal Exhibits 2–5 and 7 to Defendant's Position on Sentencing and Motion for a Downward Departure and Variance. (ECF Nos. 23-12, 23-13, 23-14, 23-15, 23-16, and 23-17.) Exhibits 2–5 and 7 to Defendant's Position on Sentencing and Motion for a Downward Departure and Variance SHALL remain under seal until further order of this Court.

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED.

_____/s/_____
David J. Novak
United States District Judge

Alexandria, Virginia
Dated: <u>September 19, 2024</u>

---

[1] The Court finds that because Defendant's privacy interest clearly outweighs the public interest in having access to such records, a longer notice period is not necessary. Notably, however, because both the Motion to Seal and this Order shall remain unsealed on the public docket, the public's opportunity to so object does not necessarily end with the entry of this Order.